UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-8028-GW-AGRx | Date | October 18, 2019 |
| Title | *Breckenridge Property Fund 2016, LLC v. Henrietta E. Willis, et al.* | Page | 1 of 2 |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings: IN CHAMBERS – ORDER REMANDING CASE BACK TO STATE COURT**

The Court *sua sponte* REMANDS this action back to the California Superior Court, County of Los Angeles.

Plaintiff Breckenridge Property Fund 2016, LLC, filed a Complaint for Unlawful Detainer against Henrietta Willis on February 20, 2019, alleging that it had purchased 2015 Buckingham Road, Los Angeles, CA 90016 ("the Property") at a foreclosure sale, and that Willis had refused to quit and/or deliver the Property after being duly notified of the sale. *See* Notice of Removal ("NoR"), Docket No. 1 at 7, 13-15 of 43. On September 17, 2019, Alan Washington,[1] acting in pro per status, filed the NoR claiming that there was federal court jurisdiction pursuant to 28 U.S.C. § 1331 because the lawsuit arose under federal law and there was a federal statute in controversy. *Id.* at 2 of 43. The sole basis in the NoR cited for the presence of a federal question is the "Protecting Tenants at Foreclosure Act of 2009" ("PTFA"), 12 U.S.C. § 5201.

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (quoting *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 280 (1918)). Generally, where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. *Id.*; *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012); *Gaus v. Miles. Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] The only named defendant in the Complaint is Henrietta Willis. *See* Complaint, Docket No. 1 at 13-24 of 43. While Washington did file an Answer to the Complaint, there is no indication of what his relationship is with either Willis or the Property. That mystery, however, does not affect the analysis herein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-8028-GW-AGRx | Date | October 18, 2019 |
| Title | *Breckenridge Property Fund 2016, LLC v. Henrietta E. Willis, et al.* | Page | 2 of 2 |

The removability of a case is determined from the face of the complaint. *See Rivet v. Regions Bank of LA.*, 522 U.S. 470, 475 (1998). The fact that a defendant may seek to raise a federal statute as a defense to a plaintiff's cause of action does not mean that the lawsuit raises a federal question, because it is the complaint not any defense that is considered for purposes of determining the presence of federal question jurisdiction. *Id.*

Here, the only cause of action in the Plaintiff's Complaint is for unlawful detainer which arises under and is governed solely by the laws of the State of California. *See Std. Summerwood LLC v. Jones*, Case No. 19-cv-02152-JCS, 2019 U.S. Dist. LEXIS 133301, *2 (N.D. Cal. Apr. 23, 2019). Thus, there is no federal question jurisdiction herein. The fact that the NoR references the PTFA does not cure that absence. As observed in *Std. Summerwood LLC*, "every court to consider the issue has held that the PTFA provides at most a federal counterclaim or defense; it does not transform a state unlawful detainer claim into a federal cause of action." *Id.*

For the reasons stated above, the Court finds that there is no subject matter jurisdiction over this lawsuit and the action is forthwith remanded back to state court. The November 14, 2019 status conference is taken off-calendar.